IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **RICHARD P. GLUNK, MD** | : | **CIVIL ACTION** |
| | : | |
| **v.** | : | **NO.   23-3782** |
| | : | |
| **THE UNITED STATES LIFE** | : | |
| **INSURANCE COMPANY IN THE** | : | |
| **CITY OF NEW YORK** | : | |

# ORDER AND FINAL JUDGMENT

**AND NOW**, this 31st day of March 2025, upon consideration of defendant's motion for summary judgment (DI 48), Dr. Glunk's response (DI 53), and defendant's reply (DI 55), and for the reasons explained in the accompanying memorandum, we **GRANT** the motion for summary judgment (DI 48) and resolve all claims in favor of defendant.

Furthermore, upon consideration of Dr. Glunk's motion for approval (DI 43), US Life's motion to seal (DI 46), US Life's motion to seal summary judgment documents (DI 49), and Dr. Glunk's motion for leave to file a new exhibit A to his response to US Life's motion to seal (DI 57), it is so **ORDERED** that the motions to seal (DI 43, DI 46, and DI 49) are **DENIED,** and Dr. Glunk's motion to leave to file (DI 57) is **DENIED AS MOOT** for the reasons set forth below.

We enter **FINAL JUDGMENT** for defendant and **the Clerk of the Court shall CLOSE this case**.

1.  The above motions have been fully briefed.  *See* DI 43; DI 45; DI 46; DI 47; DI 49; DI 54; DI 57.  They each concern the deposition transcript of Kevin Prouty, which was marked confidential by a third party.

2.  The public has a presumptive right of access to judicial records, including documents filed in connection with dispositive motions.  *In re Avandia Mktg., Sales Pracs. &*

*Prods. Liab. Litig.*, 924 F.3d 662, 672 (3d Cir. 2019). A party seeking to seal a judicial record "bears the burden of showing 'that the interest in secrecy outweighs the presumption'" of public access. *Id.* (quoting *Bank of Am. Nat'l Tr. & Sav. Ass'n v. Hotel Rittenhouse Assocs.*, 800 F.2d 339, 344 (3d Cir. 1986)). To justify sealing, the party must demonstrate that the material "is the kind of information that courts will protect and that disclosure will work a clearly defined and serious injury to the party seeking closure." *Id.* at 677-78 (quoting *Miller v. Ind. Hosp.*, 16 F.3d 549, 551 (3d Cir. 1994). Generalized assertions of confidentiality are insufficient. *See id.* at 672-73.

    3.    US Life contends that Kevin Prouty's deposition transcript should be sealed because a third party marked it as confidential. *See* DI 46 ¶¶ 3-4; DI 49 ¶¶ 2-3. However, this assertion alone is insufficient to meet the burden described above. US Life does not explain why disclosure of the transcript would cause a "clearly defined and serious injury" nor does it provide any factual support justifying confidentiality beyond the third party's designation. *See In re Avandia*, 924 F.3d at 677-78.

    4.    Separately, Dr. Glunk's failure to comply with the Court's protective order warrants attention. Under the stipulated protective order, he was required to file under seal any document marked confidential, thereby allowing the Court to determine whether sealing was appropriate. *See* DI 17 ¶ 13. Instead, Dr. Glunk unilaterally filed contested documents on the public docket without adhering to the agreed-upon and court-ordered procedure. Dr. Glunk is cautioned that such disregard for a court order is improper, and future violations may result in sanctions. *See Grant Heilman Photography, Inc. v. Pearson Educ., Inc.*, No. 11-4649, 2018 WL 2414984, at *4 (E.D. Pa. May 29, 2018) (imposing sanctions on a party for knowingly violating

a protective order).

*[signature]*
**MURPHY, J.**